FILED ___ ENTERED
___ LODGED ___ RECEIVED

NOV 22 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

11-CV-01490-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARILYN TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>JOHN H. HAMILTON/Owner and MICHELLE H. HUANG HAMILTON, Wife,<br><br>Defendants. | CASE NO. C11-1490MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiff's motion for a preliminary injunction (Dkt. No. 13). Having reviewed the motion, Defendants' response (Dkt. No. 22), and all related filings, the Court DENIES Plaintiffs' motion for a preliminary injunction.

Plaintiff, who is pro se, filed a "request for a protection order, injunction and declaratory relief" (Dkt. No. 13-1) on October 24, 2011, asking the Court to stop Defendants from harassing her, sending her letters, trespassing in the room she rented in their house, and proceeding with their state court eviction proceedings against her. The Court construed Plaintiff's filing as a standalone motion for a preliminary injunction. (Dkt. No. 17.)

*To prevail in a motion for a preliminary injunction, a plaintiff must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest.* Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A district court is not required to make specific findings on all four factors in deciding a motion for a preliminary injunction if fewer factors are dispositive of the issue. Global Horizons, Inc. v. United States Dep't of Labor, 510 F.3d 1054 (9th Cir. 2007). "Once a court determines a complete lack of probability of success or serious questions going to the merits, its analysis may end, and no further findings are necessary." Id. at 1058.

Here, Plaintiff's pleadings, even when liberally construed, are not sufficient to establish a *likelihood that she will prevail on the merits of her claim or that she will suffer irreparable harm* absent an injunction. First, Plaintiff's limited, one-page pleading does not establish that she is likely to succeed on the merits of her claim. Plaintiff already had an opportunity to litigate this matter in state court proceedings, and she was unsuccessful. (See Dkt. No. 28, Ex. A, Findings of Fact, Conclusions of Law, Judgment, and Order Dismissing Counterclaims and Vacating Stay, entered in Hamilton v. Taylor, King County Cause No. 11-2-32247-5 SEA on Nov. 4, 2011.) Additionally, Plaintiff's conclusory allegations of harassment and discrimination do not overcome the multitude of evidence presented by Defendant, including the declarations of numerous other tenants. (See Dkts. No. 23-34.) Absent Plaintiff's showing she is likely to succeed on the merits of her case, the Court is disinclined to grant a preliminary injunction.

Second, Plaintiff does not succeed in showing she will suffer irreparable harm absent an injunction. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22. Irreparable injury is

an injury for which the court could not compensate the movant should the movant prevail in the final decree. See Int'l Bhd. of Teamsters v. Local 810, 19 F.3d 786, 794 (2d Cir. 1994). Here, Plaintiff does not show that she suffers an injury which the Court cannot compensate her for should she eventually prevail. Each of the injuries Plaintiff alleges—trespass, retaliation, unlawful eviction, and unlawful discrimination—can be remedied by an award of money damages. Injunctive relief is therefore inappropriate.

The Court finds that Plaintiff has not established a likelihood that she will prevail on the merits or that she will suffer irreparable harm absent an injunction. Plaintiff's motion for a preliminary injunction is therefore DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 22, 2011.

Marsha J. Pechman
United States District Judge